IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ANTHONY R. HICKS,

      Plaintiff,

v.   No. 1:20-cv-00472-SCY

WALMART'S CLAIM SERVICE,

      Defendant.

**MEMORANDUM OPINION AND ORDER**
**GRANTING LEAVE TO FILE SECOND AMENDED COMPLAINT**

**THIS MATTER** comes before the Court on *Pro se* Plaintiff's Amended Complaint, Doc. 5, filed May 28, 2020.

The Court notified Plaintiff that his original Complaint should be dismissed for failure to state a claim because it did not contain a short and plain statement of the claim showing that the pleader is entitled to relief as required by the Federal Rules of Civil Procedure. *See* Doc. 4, filed May 19, 2020. The Court granted Plaintiff leave to file an amended complaint and notified Plaintiff that:

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (November 2019). The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website: http://www.nmd.uscourts.gov.

Doc. 4 at 1-2.

The Amended Complaint fails to state a claim and does not properly allege that the Court has jurisdiction over this matter.  Rule 8 of the Federal Rules of Civil Procedure states:

**(a) Claim for Relief.** A pleading that states a claim for relief must contain:

**(1)** a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

**(2)** a short and plain statement of the claim showing that the pleader is entitled to relief; and

**(3)** a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).

The Amended Complaint does not contain a short and plain statement of the grounds for the Court's jurisdiction.  The Amended Complaint references the following: (i) 18 U.S.C. § 3612; (ii) "Fed. Proc. 1984; 43(2):239-45;" and 42 U.S.C. § 1983.  The first cited federal law, 18 U.S.C. § 3612, governs the collection of unpaid fines and restitution in federal criminal cases.  The second citation, "Fed. Proc. 1984; 43(2):239-45," is not a legal authority; it is a reference to the research article "Influence of Parasitic Infection on Food Intake," by D.W. Crompton, published by Federation Proceedings (Federation of American Societies for Experimental Biology).  The third cited authority, 42 U.S.C. § 1983, "is not a jurisdictional statute and is significant only to the extent that it creates a cause of action." *Tyler v. Russel*, 410 F.2d 490, 491 (10th Cir. 1969); *McCarty v. Gilchrist*, 646 F.3d 1281, 1285 (10th Cir. 2011) ("Section 1983 provides a federal civil remedy for the deprivation of any rights, privileges, or immunities secured by the Constitution by any person acting under color of state law").  The Amended Complaint does not allege that Defendant(s) deprived Plaintiff of any rights secured by the United States Constitution or federal law.  Consequently, Plaintiff has not properly alleged federal question jurisdiction.

The Amended Complaint does not contain a demand for the relief sought. In order to invoke diversity jurisdiction, "a party must show that complete diversity of citizenship exists between the adverse parties and that the amount in controversy exceeds $75,000." *Symes v. Harris,* 472 F.3d 754, 758 (10th Cir.2006).

As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"); *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 843 (10th Cir. 1988) ("even if the parties do not raise the question themselves, it is our duty to address the apparent lack of jurisdiction sua sponte") (internal quotation marks omitted). Because Plaintiff has not properly alleged federal question or diversity jurisdiction, the Court should dismiss this case. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action").

The Amended Complaint does not contain a short and plain statement of the claims showing Plaintiff is entitled to relief. It appears that Plaintiff is attempting to assert personal injury claims where the Amended Complaint states: "A). Personal Injury (365). A food fraud parasitic infection Fed. Proc. 1984 Feb; 43(2): 239-45. This Parasitic infection derived from Great value Turkey, requiring medical treatment … Wrongful death of a pet. 42 USC SS 1983." While Fed. R. Civ. P. 8(a) only requires "a short and plain statement of the claim showing that the pleader is entitled to relief," plaintiffs must "state their claims intelligibly so as to inform the defendants of the legal claims being asserted." *Mann v. Boatwright*, 477 F.3d 1140, 1148 (10th Cir. 2007). Vague statements such as "parasitic infection derived from Great Value Turkey" and "wrongful death of a pet" are not sufficient. Plaintiff must state with particularity each claim he asserts

against each Defendant.  *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").

**IT IS ORDERED** that Plaintiff may, within 21 days of entry of this Order, file a second amended complaint.  Failure to timely file a second amended complaint may result in dismissal of this case.

_____
**UNITED STATES MAGISTRATE JUDGE**